UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Craig Ninja Antonio Brewton, | ) | C/A No. 8:26-cv-1213-RMG-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Thomas Apple, Richard Batton, Sheriff Chuck | ) | |
| Wright, Sheriff Bill Rhyne, Spartanburg County, | ) | |
| City of Spartanburg, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action under 42 U.S.C. § 1983, alleging violations of his constitutional rights. When Plaintiff commenced this action, he was a pretrial detainee incarcerated at the Spartanburg County Detention Center, and he complains about events that occurred there. ECF No. 1 at 2. On April 1, 2026, Plaintiff advised the Court that he had been transferred, after being convicted in the state court, to the Kirkland Reception and Observation Center, where he remains incarcerated at this time. ECF No. 7. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the pleadings and submit findings and recommendations to the district court.

This matter is before the Court for a review of the Complaint. ECF No. 1. For the reasons below, the following Defendants named in this action are subject to summary dismissal: Sheriff Chuck Wright ("Wright"), Sheriff Bill Rhyne ("Rhyne"), Spartanburg County, and the City of Spartanburg. Plaintiff's claims against Defendants Thomas Apple ("Apple") and Richard Batton ("Batton") are sufficient to survive initial review, and an Order authorizing service is filed concurrently with this Report and Recommendation.

1

**BACKGROUND**

Plaintiff makes the following allegations in the Complaint.  ECF No. 1.  Plaintiff contends his rights have been violated under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments in that he has been retaliated against for his First Amendment complaints, subject to excessive force, endured due process and equal protection violations, and has been denied or delayed medical treatment constituting deliberate indifference.  *Id.* at 3.  For his relief, Plaintiff seeks $444,000,000 in damages for his pain and suffering as he was "beat on [and] punched" and his "wisdom tooth out halfway cracked in jail with a bloody nose [and] tazed defenseless."  *Id.* at 5.  In an attachment to the Complaint, Plaintiff presents additional allegations.  ECF No. 1-1.  Plaintiff alleges that Defendant Apple shoved Plaintiff and punched him at least twice, knocking him out and chipping his tooth.  *Id.* at 2.  Plaintiff alleges that Defendant Batton tazed Plaintiff while he was face down on the ground, defenseless, and complying with orders.  *Id.* at 3.

**STANDARD OF REVIEW**

**Review of Prisoner/*Pro Se* Filings**

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c) and "seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's lawsuit to identify cognizable claims or dismiss the Complaint if (1) it is frivolous, malicious, or

2

fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The Court's duty to liberally construe a *pro se* litigant's complaint does not require the Court "to remove [it's] heavy robe . . . and take on the role of the litigant's attorney."  *Jackson v. Dameron*, 171 F. 4th 641, 652 (4th Cir. 2026).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is

3

justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

**Claims under 42 U.S.C. § 1983**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Excessive Force**

It is well-established that the use of excessive force violates the constitutional prohibition against cruel and unusual punishment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). In an excessive force case, a claimant must allege facts showing that the officer applied force "maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986); *see Wilkins v. Gaddy*, 559 U.S. 34 (2010). Also, "[a] plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights." *Davis v. Boome*, C/A No. 1:14-cv-00422-TLW, 2015 WL 1538318, at *4 (D.S.C. Apr. 6, 2015) (summarily dismissing claim alleging excessive use of force by unidentified officers).

4

**Deliberate Indifference**

A pretrial detainee's deliberate indifference claim arises under the due process clause of the Fourteenth Amendment rather than the Eighth Amendment; however, the Eighth Amendment's prohibition of cruel and unusual punishments provides the framework for analyzing such a claim. *See Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988).

Applying *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015), the United States Court of Appeals for the Fourth Circuit has noted that the test for a Fourteenth Amendment deliberate indifference claim is an objective standard such that a pretrial detainee must simply show that a defendant's actions or inactions were "objectively unreasonable." *Short v. Hartman*, 87 F.4th 593, 606, 611 (4th Cir. 2023) ("[I]t is sufficient that the plaintiff show that the defendant's action or inaction was, in *Kingsley's* words, 'objectively unreasonable,' . . . that is, the plaintiff must show that the defendant should have known of that condition and that risk, and acted accordingly."). Thus, to prevail on a claim for deliberate indifference to a medical need under the Fourteenth Amendment, a pretrial detainee must demonstrate that "(1) [the plaintiff] had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed." *Id.* at 611. However, "it is still not enough for the plaintiff to allege that the defendant negligently or accidentally failed to do right by the detainee." *Id.* at 611–12. "Negligence was not enough before, and it is not enough now." *Id.* at 612 (internal citation omitted). In the context of prisoner medical care, the Constitution requires only that prisoners receive adequate medical care; a prisoner is not guaranteed his choice of treatment. *De'lonta v.*

*Johnson*, 708 F.3d 520, 526 (4th Cir. 2013); *see also Russell v. Sheffer*, 528 F.2d 318, 318 (4th Cir. 1975); *Barton v. Dorriety*, C/A No. 9:10-cv-1362, 2011 WL 1049510, at *2 (D.S.C. Mar. 21, 2011).

## DISCUSSION

### Defendants Entitled to Dismissal

Defendants Wright, Rhyne, Spartanburg County, and the City of Spartanburg are all entitled to dismissal from this action for the reasons below.

#### *Wright and Rhyne*

Plaintiff identifies as Defendants Wright, the former Sheriff of Spartanburg County, and Rhyne, the current Sheriff of Spartanburg County.  ECF No. 1 at 2–3.  Plaintiff makes no allegations against Wright and Rhyne regarding their personal involvement in the underlying deprivations of Plaintiff's rights and thus cannot establish individual liability claims against them. Plaintiff's "general allegations, absent any specific facts of personal involvement in the events giving rise to this case, are insufficient to state a cognizable § 1983 claim" against Wright and Rhyne.  *Tracey v. Nelson*, C/A No. 1:12-cv-1614-JMC-SVH, 2012 WL 4583107, at *2 (D.S.C. Aug. 31, 2012), *R&R adopted by* 2012 WL 4588205 (D.S.C. Oct. 1, 2012).  As such, Plaintiff's claims against Wright and Rhyne are without merit, and they are entitled to summary dismissal as to any individual liability claims against them.  *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Cir. Ct. of City of Hampton*, C/A No. 3:14-cv-372-HEH, 2014 WL 4072212, at *2 (E.D. Va. Aug. 14, 2014) (finding the complaint was subject to summary

dismissal where plaintiff made no factual allegations against the named defendants within the body of the pleading).

Plaintiff appears to name Wright and Rhyne on the basis of supervisory liability. For example, Plaintiff alleges that they are the final policy makers for the County. ECF No. 1-1 at 1. However, Plaintiff's cursory assertions are insufficient to establish a claim for relief. To state a § 1983 claim for supervisory liability, a plaintiff must allege:

> (1) that the supervisor had actual or constructive knowledge that [his or her] subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)). Here, the Complaint contains no allegations demonstrating that any of these three elements are satisfied. Plaintiff has not alleged facts to establish supervisory liability as to Defendants Wright and Rhyne. *Williams v. Wright*, C/A No. 9:23-cv-04663-DCC-MHC, 2024 WL 4700280, at *4 (D.S.C. June 25, 2024), *R&R adopted by* 2024 WL 4441733 (D.S.C. Oct. 8, 2024). Accordingly, they are entitled to dismissal from this action.

### *Spartanburg County*

Spartanburg County is also entitled to summary dismissal. Plaintiff purports to bring a municipal liability claim against Spartanburg County. ECF No. 1-1 at 1.

Although Spartanburg County is not an individual, it can be sued under § 1983 for violation of a federal right pursuant to *Monell v. Department of Social Services,* 436 U.S. 658, 690 (1978) (finding local governments are "persons" for purposes of § 1983 liability). Municipal liability is based on the execution of a governmental policy or custom and a local government may not be

held liable under § 1983 based on a *respondeat superior* theory. *Monell*, 436 U.S. at 690–91. The fact that a municipality employs an individual, and that individual violated a plaintiff's constitutional right, is alone insufficient to establish liability for the municipality. *Id.* at 691. Instead, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Bd. of Cnty. Commissioners v. Brown,* 520 U.S. 397, 403 (1997). The Complaint fails to identify a policy or custom of Spartanburg County which caused his federal rights to be violated, and he therefore fails to state a claim for municipal liability. *Wambach v. Wright*, C/A No. 1:10-cv-2912-HFF-SVH, 2011 WL 1597660, at *4 (D.S.C. Feb. 7, 2011), *R&R adopted by* 2011 WL 1595171 (D.S.C. Apr. 27, 2011).

Plaintiff contends the County "is liable for custom, or policy for failure to train that ordered, authorized, acquiesced in, tolerated, permitted, or maintained custom or usage that permitted [Defendants] to engaged in [excessive force], deliberated indifference to delay of medical treatment (conditions of confinement), [and] unconstitutional actions with policies, practices, [and] customs or usages which thereby resulted in a violation of Amendment rights." ECF No. 1-1 at 1. Plaintiff's bald reference to a "custom or policy" is insufficient to identify an actual custom or policy promulgated by the County that resulted in a constitutional violation. *Sage v. Spartanburg Cnty. Det. Ctr.*, C/A No. 8:23-cv-00317-TMC-JDA, 2023 WL 3794202, at *3 (D.S.C. Mar. 29, 2023) ("A municipality is responsible only when the execution of its policy or custom—made by its lawmakers or individuals whose acts 'may fairly be said to represent official policy'—inflicts injury."), *R&R adopted by* 2023 WL 3791110 (D.S.C. June 2, 2023). Even assuming that this allegation establishes an official policy or custom, Plaintiff has not alleged facts showing it actually resulted in the deprivation of his constitutional rights. The claims in the Complaint are premised on excessive use of force and deliberate indifference. Plaintiff has not alleged facts

8

showing that any of the County's purported customs or policies led to the use of force and denial of medical care to Plaintiff.

Finally, Spartanburg County "is not responsible for, and has no control over, the operation of the [Spartanburg County Detention Center]. Rather, it is the Sheriff of Spartanburg County who operates and runs the Detention Center." *Martinez v. Spartanburg Cnty. Det. Ctr.*, C/A No. 9:23-cv-01989-TMC-MHC, 2023 WL 6850242, at *3 (D.S.C. Sept. 12, 2023), *R&R adopted by* 2023 WL 6846807 (D.S.C. Oct. 17, 2023); *Miller v. Spartanburg Cnty. Det. Ctr.*, No. 2:23-cv-01535-DCC, 2025 WL 901486, at *2 (D.S.C. Mar. 25, 2025) ("[T]he Spartanburg County Detention Center 'is under the control of the Sheriff of that county and is not under the control of the County or the County Council.'" (citation omitted). For these reasons, Plaintiff's allegations fail to establish a claim for municipal liability against Spartanburg County and it is therefore entitled to dismissal from this action. *Boyd v. Spartanburg Cnty.*, C/A No. 7:23-cv-02478-BHH-JDA, 2023 WL 4602110, at *4 (D.S.C. June 27, 2023) (dismissing Spartanburg County and finding "[w]hen the alleged constitutional deprivation is not an official act of a municipality, relief under § 1983 must be sought against the officer in his individual capacity" and not against the municipality), *R&R adopted by* 2023 WL 4601019 (D.S.C. July 18, 2023).

### *City of Spartanburg*

The City of Spartanburg is also subject to dismissal. Liberally construed, the Complaint appears to be asserting a municipal liability claim against the City of Spartanburg. However, Plaintiff has not identified any employee of the City of Spartanburg involved in the events giving rise to his claims. As such, the City of Spartanburg is subject to dismissal. *See Brewton v. Wright*, C/A No. 0:25-cv-1073-RMG, 2025 WL 1232495, at *2 (D.S.C. Apr. 29, 2025) (finding the City of Spartanburg was entitled to summary dismissal "because Plaintiff's complaint fails to identify

any City employee involved in the incidents that give rise to his claims"); *Boyd v. City of Spartanburg*, C/A No. 7:24-cv-00711-BHH-KFM, 2024 WL 2848896, at *5 (D.S.C. Apr. 12, 2024) (dismissing City of Spartanburg in a case presenting similar allegations), *R&R adopted by* 2024 WL 2763919 (D.S.C. May 29, 2024).

Moreover, as noted, "[t]he Spartanburg County Detention Center is administered by, and under the control of, the Spartanburg County Sheriff's Office," and not the City of Spartanburg. *Woodruff v. Spartanburg City Police Dep't*, C/A No. 7:18-cv-1920-BHH-JDA, 2018 WL 4017683, at *4 (D.S.C. July 30, 2018), *R&R adopted by* 2018 WL 4005828 (D.S.C. Aug. 22, 2018). The individual officers identified in the Complaint all appear to be employed by the Spartanburg County Sheriff's Office. ECF No. 1 at 2. For these reasons, the City of Spartanburg is entitled to summary dismissal from this action.

**Defendants Apple and Batton**

Plaintiff's Complaint contains sufficient allegations to state a claim for relief as to Defendants Apple and Batton to survive initial review. An Order authorizing service as to those Defendants will be issued concurrently with this Report and Recommendation.

<u>**RECOMMENDATION**</u>

Based on the foregoing, it is **RECOMMENDED** that the district court **DISMISS** the following Defendants from this action: Wright, Rhyne, Spartanburg County, and the City of Spartanburg. The action remains pending against Defendants Apple and Batton.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

May 18, 2026
Greenville, South Carolina

10

*Plaintiff's attention is directed to the important notice on the next page.*
**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).