**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Craig Ninja Antonio Brewton | Case No. 8:26-1213-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| Thomas Apple, *et al.*, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 28), recommending that Defendants Sheriff Chuck Wright, Sheriff Bill Rhyne, Spartanburg County, and the City of Spartanburg be summarily dismissed for failing to state a claim upon which relief can be granted. The Magistrate Judge further found that Plaintiff's claims against Defendants Thomas Apple and Richard Batton were sufficient to survive initial review and authorized service of process on these defendants. (*Id.*). Plaintiff filed objections to the R & R concerning the dismissal of Defendants Wright, Rhyne, Spartanburg County, and City of Spartanburg. (Dkt. No. 33).

## I.    Background

Plaintiff, who was a detainee at the Spartanburg County Detention Center at the time of the commencement of this action, alleged in his complaint that his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments were violated as a result of alleged excessive force, denial of due process and equal protection, deliberate indifference to a serious medical condition, and retaliation for First Amendment complaints. Plaintiff alleged that Defendant Apple shoved him and punched at least twice and Defendant Batton tazed him while he was on the ground complying with orders. Plaintiff's claims against Defendants Wright and Rhyne are based on alleged

1

supervisory liability and his claims against the City of Spartanburg and Spartanburg County are based on alleged unconstitutional governmental policies or customs.[1]

The Magistrate Judge carefully analyzed each of Plaintiff's claims and recommended the summary dismissals of the claims against Defendants Wright and Rhyne because Plaintiff failed to allege sufficient facts to support a claim of supervisory liability under the standards set forth in *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014). (Dkt. No. 28 at 6-7). The Magistrate Judge further recommended the dismissal of Defendants Spartanburg County and City of Spartanburg because Plaintiff failed to show these governmental entities were responsible for the operation of the Spartanburg County Detention Center or that there was any municipal policy or custom of these defendants that caused Plaintiff's alleged injuries. (*Id*. at 7-10).

Plaintiff's objections to the R & R repeat boilerplate claims of violations of his constitutional rights but failed to provide any factual basis to support the claims against Defendants Wright, Rhyne, City of Spartanburg and Spartanburg County. (Dkt. No. 28). The Court overrules Plaintiff's objections because they fail to address the legal deficiencies identified by the Magistrate Judge in the R & R.

Plaintiff further seeks in his objections to add additional party defendants and new claims not asserted in his complaint. If Plaintiff seeks to amend his complaint to add new parties and/or new causes of action, he must first seek to amend his complaint before the Magistrate Judge. He cannot amend his complaint through objections to an R & R.

---

[1] Since the commencement of this suit, Plaintiff has been convicted of drug and firearm offenses and is serving a twenty five year sentence for trafficking in cocaine. He is presently in the custody of the South Carolina Department of Corrections.

II.    **Legal Standards**

    A.  **Magistrate's Report and Recommendation**

       The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

III.   **Discussion**

       The Magistrate Judge ably summarized the factual and legal issues in this action and correctly concluded that the claims against Defendants Wright, Rhyne, City of Spartanburg, and Spartanburg County are subject to summary dismissal. The Court further finds that Plaintiff's objections to the R & R are without legal merit.

**Conclusion**

       For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 28) as the Order of the Court. Defendants Wright, Rhyne, City of Spartanburg, and Spartanburg County are summarily **DISMISSED** from this action. The action remains pending against Defendants Apple and Batton.

       **AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

June 8, 2026

3

Charleston, South Carolina