**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Craig Ninja Antonio Brewton,<br><br>Plaintiff,<br>v.<br><br>Thomas Apple and Richard Batton,<br><br>Defendants. | Case No. 8:26-cv-1213-RMG<br><br>**ORDER** |

This matter is before the Court upon the Report and Recommendation ("R&R") of the Magistrate Judge, recommending that (1) Defendants' motion to dismiss (Dkt. No. 43) be granted in part and denied in part. The Magistrate Judge recommends that Plaintiff's claims for conspiracy under 42 U.S.C. § 1985, all claims against Defendants brought in their official capacities, and all claims arising under the First, Fourth, Fifth, and Eighth Amendments be dismissed and that Defendants' motion to dismiss Plaintiff's claims for violation of his rights under the Fourteenth Amendment for equal protection, excessive force, and deliberate indifference be denied; (2) Plaintiff's motion to dismiss his state charge and indictments and to overturn his state convictions (Dkt. No. 42) be denied; (3) Defendant's motion to be released from custody (Dkt. No. 51) be denied; (4) Plaintiff's motion to intervene (Dkt. No. 63) be denied; (5) Plaintiff's motion for a preliminary injunction (Dkt. No. 64) be denied; (6) Plaintiff's motion for an emergency preliminary injunction (Dkt. No. 73) be denied; (7) Plaintiff's motion to be released from state custody (Dkt. No. 86) be denied; and (8) Plaintiff's motion to vacate his state criminal charges (Dkt. No. 89) be denied. Plaintiff filed objections to the R & R, and the Defendants filed a reply. (Dkt. No. 109, 119).

## I. Legal Standard

### A. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where a party fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

## II. Discussion

The Magistrate Judge, in a thorough R & R, addressed in detail each of pending motions. The Magistrate Judge correctly determined that Defendants' motion to dismiss Plaintiff's Fourteenth Amendment claims to equal protection, excessive force, and deliberate indifference should be denied and that Defendants' motion to dismiss Plaintiff's § 1985 civil conspiracy claim and all claims arising under the First, Fourth, Fifth, and Eighth Amendments should be granted. The Magistrate Judge also correctly recommended that all claims brought against the Defendants in their official capacity should be dismissed under the Eleventh Amendment and that Plaintiff's various motions to set aside his state criminal convictions and to grant preliminary injunctive relief should be denied.

Plaintiff filed objections to the R & R (Dkt. No. 109), rehashing the arguments already considered and rejected by the Magistrate Judge and failing to identify any specific error in the R & R. It is well settled that objections to a R & R must identify with specificity errors in the R & R and that general or conclusory objections are insufficient. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Under these circumstances, the Court has no need to address any further the factual and legal conclusions already ably addressed by the Magistrate Judge in the R & R.

## III. Certificate of Appealability

To the extent that any of Plaintiff's motions could be interpreted as a petition for habeas relief pursuant to 28 U.S.C. § 2254, the Court issues the following regarding a Certificate of Appealability. The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right. (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A petitioner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation omitted); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001) (citation omitted). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

## IV. Conclusion

For the foregoing reasons, the R&R (Dkt. No. 100) is **ADOPTED** as the Order of the Court. Defendants' motion to dismiss (Dkt. No. 43) is granted in part and denied in part. The Court grants Defendants' motion to dismiss regarding Plaintiff's § 1985 conspiracy claim, all claims against Defendants in their official capacities, and claims arising under the First, Fourth, Fifth, and Eight Amendments. Defendants' motion to dismiss (Dkt. No. 43) is otherwise denied. Further, the Court dismisses Plaintiff's motion to dismiss his state charges and indictment and to overturn his state convictions (Dkt. No. 42), Plaintiff's motion to be dismissed from custody (Dkt. No. 51), Plaintiff's motion to intervene (Dkt. No. 63), Plaintiff's motion for a preliminary

injunction (Dkt. No. 64), Plaintiff's motion for an emergency preliminary injunction (Dkt. No. 73), Plaintiff's motion to be released from custody (Dkt. No. 86), and Plaintiff's motion to vacate criminal charges (Dkt. No. 89). Further, to the extent that any of Plaintiff's motions could be interpreted as a § 2254 petition, a certificate of appealability is denied.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

November 6, 2026
Charleston, South Carolina